DUSICA FLJANKOVIC,

                Plaintiff,

v.

SINISA FLJANKOVIC, et al.,

                Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 47] ("Motion"). The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## I.      BACKGROUND[1]

Plaintiff Dusica Fljankovic ("Plaintiff") and her son Sinisa Fljankovic ("Sam") jointly own and operate a number of real estate investments and ventures. In conjunction with these investments, Plaintiff and Sam established several limited liability companies, each with its own operating agreement. Plaintiff alleges that because of a pattern of fraud by Sam and a number of his associates, these operating agreements and actions taken by Sam on behalf of the various LLCs do not conform to oral promises made by Sam to Plaintiff.

Though the alleged misconduct goes back nearly two decades, the present conflict came to a head in 2014. In June of that year, Sam's brother and Plaintiff's other son, Danny, confront-

---

[1] The Court takes the allegations from the Complaint [ECF No. 1] as true for purposes of a Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

ed Sam about money allegedly owed to Plaintiff. Sam told Danny that he was in the process of selling a property and would use the funds from that sale to purchase an apartment building in Boynton Beach, Florida—the Ocean Park Apartments—in which he promised to give Plaintiff a 50% equity ownership interest. In July 2014, Sam purchased the Ocean Park Apartments and formed a new limited liability company: Ocean Park Apartments, LLC. Plaintiff alleges that although she was promised a 50% equity ownership interest in the property, the Ocean Park Apartments, LLC Operating Agreement ("Ocean Park Agreement") gave her only a minority interest. She alleges that she was rushed into signing it without being given an opportunity to read it or review it with counsel.[2] The Ocean Park Agreement contains a forum-selection clause, which mandates that "any suit involving any dispute or matter arising under this Agreement may only be brought in a Florida State Court situated in Broward County having jurisdiction over the subject matter of the dispute or matter." [ECF No. 42-2, at 10].

Plaintiff seeks a declaration that she is not bound by a number of operating agreements relating to the investments—including the Ocean Park Agreement—as well as damages for breach of contract, breach of fiduciary duty, and fraud in the inducement. Her Amended Complaint brings claims against Sam, his wife, and a number of his business associates (collectively, "Defendants"). Defendants moved to dismiss on the grounds that the forum-selection clause in the Ocean Park Agreement is valid and should be enforced.[3]

---

[2] Earlier in the present litigation, Plaintiff asserted that she had not signed the Ocean Park Agreement. She later recanted this claim and agrees that her signature appears on the signature pages to the agreement, but she maintains that she did not read the rest of the agreement and that her signature was obtained through coercion.

[3] Defendants also move to dismiss under 12(b)(6) for failure to state a claim on which relief can be granted. Because the Court finds the forum-selection clause dispositive, it will not reach the other grounds for dismissal.

## II.    LEGAL STANDARD

As a preliminary matter, the Court notes that a Rule 12(b)(3) motion to dismiss for improper venue is the incorrect procedural vehicle to enforce a forum-selection clause where, as here, venue is otherwise proper. *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013). However, in the interests of judicial economy and because the parties have substantively addressed the factors relevant to both analyses, the Court will treat the motion to dismiss for improper venue as a motion to dismiss based on *forum non conveniens*.

"Under the doctrine of *forum non conveniens*, a district court has the inherent power to decline to exercise jurisdiction even when venue is proper." *Vanderham v. Brookfield Asset Mgmt., Inc.*, 102 F. Supp. 3d 1315, 1318 (S.D. Fla. 2015) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07 (1947), *superseded by statute on other grounds as recognized in Am. Dredging Co. v. Miller*, 510 U.S. 443 (1994)). Although a court may consider matters outside the pleadings in ruling on a motion to dismiss based on *forum non conveniens*, it "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Id.* (quoting *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004)). "To obtain dismissal for *forum non conveniens*, '[t]he moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice.'" *GDG Acquisitions, LLC v. Government of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) (quoting *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310–11 (11th Cir. 2001)).

## III.    DISCUSSION

"The doctrine of forum non conveniens permits a court with venue to decline to exercise its jurisdiction when the parties' and court's own convenience, as well as the relevant public and private interests, indicate that the action should be tried in a different forum." *Pierre-Louis v.*

*Newvac Corp.*, 584 F.3d 1052, 1056 (11th Cir. 2009). In a typical case, a court proceeds directly through those factors. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause . . . ." *Atl. Marine*, 134 S. Ct. at 581. When there is a valid forum-selection clause, the Court no longer considers the private interest factors. *See id.* at 581–82. "As a consequence, a district court may consider arguments about public-interest factors only." *Id.* at 582. Because the public interest factors will "rarely defeat" a *forum non conveniens* motion, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

The Court's preliminary step, therefore, is to determine whether there is a valid forum-selection clause. *Cf. id.* at 581 n.5. If the forum-selection clause is valid, the Court must then apply the modified *forum non conveniens* analysis from *Atlantic Marine*. The Court must also consider whether "an adequate alternate forum exists which possesses jurisdiction over the whole case, including all the parties" and must "ensure[] that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice." *Wilson v. Island Seas Inv., Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009) (citing *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1289–90 (11th Cir. 2009)).

### A.  Validity and Enforceability of the Forum-Selection Clause

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–95 (1991) and *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)). Courts in the Eleventh Circuit enforce "only those clauses that unambiguously designate the forum in which the parties must enforce their rights under the contract." *Florida Polk County v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1083 n.8 (11th Cir. 1999). "A forum-selection clause will be invalidated when: (1) its formation was induced by

fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel,* 579 F.3d at 1281.

The forum-selection clause in the Ocean Park Agreement provides that "any suit involving any dispute or matter arising under this Agreement may only be brought in a Florida State Court situated in Broward County having jurisdiction over the subject matter of the dispute or matter." [ECF No. 42-2, at 10]. This clause is unambiguous and mandatory: the parties may bring suit "*only* . . . in a Florida State Court situated in Broward County." [*Id.*] (emphasis added); *see Florida Polk County*, 170 F.3d at 1083 n.8. The Court also finds that the clause governs the subject matter of this suit. Although the allegations certainly sweep more broadly than just the Ocean Park Agreement, several counts relate exclusively to that Agreement and the others relate to the Agreement at least in part. For instance, Counts III (Breach of Contract) and IV (Fraud in the Inducement) relate exclusively to the Ocean Park Agreement, while Count II (Breach of Fiduciary Duty) alleges a pattern of conduct, culminating in the alleged misconduct surrounding the Ocean Park Agreement.

The question, then, is whether the Court should decline to enforce the forum-selection clause because of the fraud and misconduct that Plaintiff alleges caused her to sign the Agreement without reading it. The general proposition that a forum-selection clause may be invalid and unenforceable where it is the product of fraud "does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974) (analyzing an arbitration clause but noting that "[a]n agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute," *id.* at 519). Rather, "an arbitration or forum-selection clause

in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion." *Id.* at 519 n.14 (emphasis in original). In other words, "a forum selection clause operates as a separate contract that is severable from the agreement in which it is contained and is enforceable, as long as the forum selection clause itself was not included in the contract because of fraud." *Sachs v. Bankers Life & Cas. Co.*, No. 11-cv-81344, 2012 WL 1900033, at *2 (S.D. Fla. May 24, 2012). This heightened standard for invalidating a forum-selection clause makes sense: "By requiring the plaintiff specifically to allege that the choice clause itself was included in the contract due to fraud in order to succeed in a claim that the choice clause is unenforceable, courts may ensure that more general claims of fraud will be litigated *in the chosen forum*, in accordance with the contractual expectations of the parties." *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1296 (11th Cir. 1998) (emphasis in original). Here, Plaintiff lodges only general allegations of fraud as to the whole contract. There is no allegation that the forum-selection clause itself was included because of fraud, nor has Plaintiff offered any theory why the clause would favor Defendants or further the alleged fraud.

The Court therefore determines that the Ocean Park Agreement's forum-selection clause is valid and enforceable.

## B. *Forum Non Conveniens* Analysis

The existence of a valid and enforceable forum-selection clause—like the clause contained in the Ocean Park Agreement—is not alone dispositive in the *forum non conveniens* analysis. However, as the Supreme Court explained in *Atlantic Marine*, a viable forum-selection clause carries near-determinative weight: "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine*, 134 S. Ct. at 582. Post–*Atlantic Marine*, the Eleventh Circuit has ruled that "[a] binding forum-selection clause re-

quires the court to find that the *forum non conveniens* private factors entirely favor the selected forum." *GDG Acquisitions*, 749 F.3d at 1029. What remains under this modified analysis, then, is (1) whether an adequate alternative forum is available, and (2) whether the public interest factors weigh in favor of dismissal. *Id.* at 1028.

"An alternative forum is adequate if it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009). "An adequate forum need not be a perfect forum." *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir. 2001). Courts need ask "only whether some remedy exists." *Neuralstem, Inc. v. ReNeuron, Ltd.*, 365 F. App'x 770, 771 (9th Cir. 2010) (per curiam). An alternative forum is "available" to a plaintiff "when the foreign court can assert jurisdiction over the litigation sought to be transferred." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). Here, the governing law is Florida state law and the alternative forum is a Florida state court. Thus, the alternative forum is clearly available and the remedy in the alternative forum is identical to the remedy here. Accordingly, the Court finds Florida state court in Broward County is both an adequate and available forum.

While public interest factors "rarely defeat" a *forum non conveniens* motion, *Atl. Marine*, 134 S. Ct. at 582, the Court will nevertheless consider the following public interest factors: "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quoting *Gilbert*, 330 U.S. at 509). As Plaintiff concedes, "[i]n this matter, the issues are almost entirely related to Florida, Florida law will be applied, [and] the parties all reside in or heavily

frequent Florida." [ECF No. 52, at 5]. Because the dispute is governed by Florida law and because the alternative forum is state court in the same locality as this Court, each of the *forum non conveniens* public interest factors weighs in favor of litigating in Florida state court.

Based on the foregoing and for reasons of fairness and judicial economy, this Court will enforce the parties' forum-selection clause by dismissing the action on grounds of *forum non conveniens*.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 47] is **GRANTED**; and

2.  this action is **DISMISSED** without prejudice to Plaintiff refiling it in the appropriate forum, conditioned on the following:

    a.  Defendant shall consent to the jurisdiction of the Florida state court; and

    b.  Defendant shall waive all applicable statute of limitations defenses attributable to the delay between the filing of this action and any action initiated by Plaintiff in Florida state court within six (6) months of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 13th day of February, 2018.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE